IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE GOUGHNOUR and MARY GOUGHNOUR, </br></br> Plaintiffs, </br></br> v. </br></br> M.D. ALAN RENTON, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) CA 04-1543 |

## OPINION

COHILL, D.J.

Plaintiffs Robert Lee Goughnour and his wife, Mary Goughnour, filed this complaint alleging injuries and damages as a consequence of medical negligence by defendant Alan Renton, M.D. Robert Goughnour seeks compensation for lost wages, loss of earning capacity, and disability. (Compl. at ¶ 12). Mary Goughnour has a claim for deprivation of services and loss of consortium. (Compl. at ¶ 14).

The complaint was filed on October 7, 2004 and service was properly made on Defendant. When Defendant failed to file an answer, Plaintiffs filed a motion for judgment on the pleadings. Following a hearing, the motion was granted on November 1, 2005 and judgment by default was entered against Dr. Renton. (Doc. 6).

A hearing on damages was held before the undersigned on December 15, 2005. William S. Schweers, Jr., Esquire appeared as counsel for the Plaintiffs. Defendant did not appear.

Plaintiff Robert Goughnour testified that he was employed as a gem cutter at Penn Gem International, Inc., from April of 1990 until he was discharged on February 28, 2004. This job required control of fine motor movements. He developed a sebaceous cyst on the joint of his right thumb, which measured nine millimeters in diameter. On October 11, 2002 Defendant performed out-patient surgery to remove the cyst. The wound didn't heal properly and was

painful.  On February 14, 2003 Plaintiff had a second surgery by another physician, after which the wound finally healed and the pain was alleviated.

However, due to a problem with the tendon, Plaintiff no longer has much control over his thumb.  This affected both the quickness with which he could cut gem stones, and the quality of his work.  His employment was terminated on February 28, 2004, because he could no longer perform his job as he had been able to before Dr. Renton performed surgery.

Plaintiff explained that he enjoyed his job, and that he had been collecting rocks and minerals since he was a young boy.  He further testified that although he has sought other full-time employment, he has been unsuccessful.  Plaintiff was fifty-four when he was terminated, and had previously suffered a heart attack.  He is also unable to perform magic, which was his favorite hobby.

We find that Plaintiffs have established the following damages:[1]

In 2002, Mr. Goughnour's income from Penn Gem as reported on his Wage and Tax Statement W-2 was $41,061. (Ex. 1 2002 W-2).  In 2003, his wages were cut because he could no longer produce as much work.  His income from Penn Gem was reported as $38,648.  (Ex. 2 2003 W-2).  He had $2413 in lost wages for the year 2003.

By letter dated April 30, 2006, Plaintiff states that he was earning $40,000 a year, exclusive of health benefits, when he was discharged on February 28, 2004.  Projecting that he would have continued to be employed until age 65, or for eleven years, Plaintiff has established $440,000 in lost wages.  However, his income from Penn Gem from 2004 was reported as $6,000.  (Ex. 3 2004 W-2).  Subtracting this amount from lost wages, Mr. Goughnour has established a total of $434,000 in lost wages.

During his employment at Penn Gem, Plaintiff had a healthcare policy as a benefit.

---

[1] By Order dated April 25, 2006, we directed the plaintiffs to provide further information to assist the Court in quantifying damages.  Mr. Goughnour submitted a letter, through counsel, addressing lost wages, health insurance, Social Security, and other damages.  That letter has been docketed as Doc. 9.

This policy ended with his termination, and he is currently without health insurance since he cannot afford to self-insure. Although he has health problems, including diabetes and a past history of heart surgery, he avoids going to the doctor because he cannot afford it and he can no longer pay for medication to lower his cholesterol. Plaintiff estimates that it would cost him $200,000 to replace his health insurance.

When he was discharged, Mr. Goughnour had a 401K plan of approximately $10,000, and Penn Gem matched his contributions. He and his wife completely depleted the 401K for living expenses after his termination, and paid tax penalties for early withdrawal of these funds. Plaintiff has established damages of $10,000 for the loss of his 401K plan.

In addition, had Mr. Goughnour not been discharged, he and his employer would have contributed an additional $300 per month into his 401K retirement plan. Projecting this amount for 11 years (132 months) of employment, Plaintiff has established damages of $39,600 for lost 401K contributions.

Furthermore, he has been unable to pay into his Social Security account since losing his job. Plaintiff estimates his loss of Social Security at $66,000, which is the difference between the benefits he will now receive at age 65, and the monthly amount of benefits he would have received at age 65 if he had continued working and he and his employer had continued to make contributions at the same rate on his final salary of $40,000.

As a result of his discharge, Plaintiff had to borrow on his whole life insurance policy for living expenses. This reduced the death benefit in that policy by $6,000.

In sum, we find that Plaintiffs have established damages as a result of Defendant's negligence in the amount of $ 758,013.00.

In addition to the above-stated amount of damages, we will award the Plaintiffs damages for pain and suffering in the amount of $2,274,039.00.

An appropriate Order follows.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge